IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | |
|---|---|
| **CANOPIUS US INSURANCE, INC.** | **PLAINTIFF** |
| v. | CIVIL ACTION NO. 1:15-CV-87-KS-MTP |
| **LY NGUYEN; NGHIEN THI DANG;** **TRI DUC NGUYEN, INDIVIDUALLY** **and D/B/A CANA GROCERY & SEAFOOD** | **DEFENDANTS** |
| **LY NGUYEN** | **THIRD-PARTY PLAINTIFF** |
| v. | |
| **DOANG DANG; UYEN T. NGUYEN,** **INDIVIDUALLY, and D/B/A CANAL** **GROCERY & SEAFOOD, ET AL.** | **THIRD-PARTY DEFENDANTS** |
| **NGHIEN THI DANG AND TRI DUC** **NGUYEN, INDIVIDUALLY and D/B/A** **CANAL GROCERY & SEAFOOD** | **THIRD-PARTY PLAINTIFFS** |
| v. | |
| **JOHNS EASTERN COMPANY, INC.** | **THIRD-PARTY DEFENDANT** |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Third-Party Defendant Johns Eastern Company, Inc's ("JEC") Motion to Dismiss Third-Party Complaint of Nghien Thi Dang and Tri Duc Nguyen for Failure to State a Claim Pursuant to Rule 12(b)(6) ("Motion to Dismiss Nghien and Tri's Claims") [107] and Motion to Dismiss Ly Nguyen's Third-Party Claims Pursuant to Rule 12(b)(6) ("Motion to Dismiss Ly's Claims") [109].  After considering the submissions of the parties, the record, and the applicable law, the Court finds that both motions are well taken and should be granted.

**I.  BACKGROUND**

This action stems from a shooting that occurred on April 19, 2014, at Canal Grocery & Seafood ("Canal").  During this incident, Defendant/Third-Party Plaintiff Ly Nyugen ("Ly") was struck in the arm by a stray bullet.

Canal is owned by Doanh Dang and Uyen T. Nguyen, both of whom are third-party defendants in this case, and is leased and operated by Nghien Thi Dang ("Nghien") and Tri Duc Nguyen ("Tri").  At the time of the shooting, Canal was insured under a commercial general liability policy issued by Canopius US Insurance, Inc. ("Canopius").  Ly sought coverage for her alleged injuries and damages under this policy.  JEC was Canopius' third-party administrator.

The current action was commenced by Canopius on March 18, 2015, seeking a declaratory judgment that Canal's policy does not cover Ly's claimed damages and that Canopius owes no duty to defend or indemnify Nghien and Tri.  Subsequently, Nghien and Tri, jointly, and Ly filed claims against Canopius and its insureds, Doanh Dang and Uyen T. Nguyen.  They later both filed third-party claims against JEC as well.

On December 21, 2015, JEC filed the motions to dismiss [107][108] currently pending before the Court, pursuant to Federal Rule of Civil Procedure 12(b)(6).

## II. DISCUSSION

### A.   Standard of Review

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*; *see also In re Great Lakes*

*Dredge & Dock Co.*, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting *Twombly*, 550 U.S. at 555).  A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient.  *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). However, "detailed factual allegations" are not required.  *Iqbal*, 556 U.S. at 678, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 127 S. Ct. 1955).  Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011) (citations omitted).

> **B.**     **Motion to Dismiss Nghien and Tri's Claims [107]**

Under Mississippi law, "an insurance adjuster, agent or other similar entity . . . may be held independently liable for its work on a claim if and only if its acts amount to any one of the following types of conduct:  gross negligence, malice, or reckless disregard for the rights of the insured." *Gallagher Bassett Servs., Inc. v. Jeffcoat*, 887 So.2d 777, 784 (Miss. 2004).  Parties agree that, at all relevant times, JEC was acting as an agent of Canopius.  As such, JEC can only be liable to Nghien and Tri if its handling of their claim amounted to "gross negligence, malice, or reckless disregard" for their rights.  See *Jeffcoat*, 887 So.2d at 784.

Though Nghien and Tri's Third Party Complaint [76]  repeatedly states that JEC acted in "bad faith" and with "gross negligence" in handling their claim, they plead no factual allegations to support these conclusions.  *See Bowlby.*, 681 F.3d at 219 (holding "labels and conclusions" are not sufficient to state a claim).   The only factual allegations that are asserted, such as a recommendation to file suit for a declaratory judgment or a failure to defend Nghien and Tri against

cross-claims, are actions connected to Canopius' ultimate denial of the claim, for which JEC cannot be held liable. *See Rogers v. Nationwide Prop. & Cas. Ins. Co.*, 433 F.Supp.2d 772, 776 (S.D. Miss. 2006) ("Mississippi law is clear: an agent of a disclosed principal is not a party to his principal's contract and cannot be liable for its breach.") (citations omitted). Even if JEC could be liable for these actions, there is nothing to support that it was negligent in its conduct, let alone that it was *grossly* negligent. In fact, there are no specific acts of gross negligence, malice, or reckless disregard alleged in the Third Party Complaint [76]. It is not enough for Nghien and Tri to state that JEC acted with gross negligence, but they must also allege facts that would support this claim. They have failed to do so. Therefore, because Nghien and Tri have failed to plead any factual allegations in their Third Party Complaint [76] to support their claims against JEC, the Court must find that they have failed to state a claim upon which relief can be granted.

Nghien and Tri have asked the Court to grant leave to amend under Federal Rule of Civil Procedure 15(a) in the event the Court finds deficiencies in their pleadings. "Rule 15(a) requires a trial court to grant leave to amend freely, and the language of this rule evinces a bias in favor of granting leave to amend." *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005) (citation and internal quotations omitted). However, "[i]t is within the district court's discretion to deny a motion to amend if it is futile." *Stripling v. Jordan Prod. Co., LLC*, 234 F.3d 863, 872-73 (5th Cir. 2000) (citations omitted). Nghien and Tri have not detailed any specific factual allegations that they might add to their Third Party Complaint [76] in order to cure its deficiencies, nor do any of their arguments against dismissal allude to any possible factual allegations which they could add. The Court therefore finds that allowing them to amend their complaint would be futile and will deny their request for leave.

Therefore, for the foregoing reasons, the Court finds that JEC's Motion to Dismiss Nghien and Tri's Claims [107] should be **granted**.

### C.	Motion to Dismiss Ly's Claims [109]

Ly's claims against JEC are similar to those of Nghien and Tri's and fail for similar reasons. In her complaint, Ly asserts that "JEC had a duty . . . to fully, fairly, adequately, and correctly investigate and adjust" her claims and contends that JEC "breached these duties" through gross negligence and bad faith. (Second Amended Third Party Complaint [102] at p. 11.) Ly's assertions are legal conclusions with no factual allegations pleaded to support them. Under *Twombly* and *Iqbal*, a plaintiff must plead some "factual content that allows the court to draw the reasonable inference that the defendant is liable." *Iqbal*, 556 U.S. at 678, 129 S. Ct. 1937 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955). Ly has failed to do so, and the Court must find that she has failed to state a claim against JEC upon which relief can be granted.

The Court will also deny leave for Ly to amend her complaint against JEC in order to cure the deficiencies in her pleadings, as such leave would be futile. *See Stripling*, 234 F.3d at 872-73. The only factual assertion Ly makes that could potentially be added to her complaint is JEC's delay in forwarding a check for medical payment coverage. This fact, if true, is not sufficient to establish gross negligence under Mississippi law. *See Jeffcoat*, 887 So.2d at 784-85 (holding that delaying the payment of benefits for ten months did not amount to the gross negligence, malice, or reckless disregard necessary to hold the insurance adjuster liable). Without some indication that there are factual assertions she could add to her complaint to support her legal conclusions, the Court will deny Ly's request for leave to amend.

Therefore, JEC's Motion to Dismiss Ly's Claims [109] will be **granted**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that JEC's Motion to Dismiss Nghien and Tri's Claims [107] is **granted**.  All claims of Nghien and Tri pending against JEC are **dismissed with prejudice**.

IT IS FURTHER ORDERED AND ADJUDGED that JEC's Motion to Dismiss Ly's Claims [109] is **granted**.  All claims of Ly pending against JEC are **dismissed with prejudice**.

SO ORDERED AND ADJUDGED this the 26th day of January, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE